WILLIAM G. MALCOLM #129271
CHRISTINA J. KHIL #266845
MALCOLM ♦ CISNEROS
A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, California 92612
Telephone:     (949) 252-9400
Telecopier:     (949) 252-1032

Counsel for A. Cisneros, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>LORENA LILIANA MOLINA-LOPEZ,<br><br>Debtor.<br><br>___<br><br>A. CISNEROS, Chapter 7 Trustee of the Estate of Lorena Liliana Molina-Lopez,<br><br>Plaintiff,<br><br>vs.<br><br>LORENA LILIANA MOLINA-LOPEZ, an individual, HUGO MOLINA, an individual,<br><br>Defendants. | Case No. 6:18-bk-10412-WJ<br><br>Chapter 7<br><br>Adv. No.<br><br>*Hon. Wayne Johnson*<br><br>**ADVERSARY COMPLAINT:  (1) FOR TURNOVER OF PROPERTY OF THE ESTATE (11 U.S.C. §§ 542(a), 542(e)); (2) TO AVOID PREFERENTIAL TRANSFERS (11 U.S.C. §§ 547(b), 550(a), 551); (3) TO AVOID FRAUDULENT TRANSFERS (11 U.S.C. §§ 548(b), 550(a), 551); (4) TO AVOID POST-PETITION TRANSFERS (11 U.S.C. §§ 549(a), 550(a), 551)** |

Plaintiff A. CISNEROS ("Plaintiff" or "Trustee"), Chapter 7 Trustee of the Estate of Lorena Liliana Molina-Lopez ("Debtor") alleges:

## JURISDICTION AND VENUE

1.  To the extent that it is not a proceeding to compel the debtor to deliver property to the Trustee, this is an adversary proceeding to recover money or property pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

///

1

ADVERSARY COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE ETC.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157(b)(1) and 1334(b).

3. This is a core proceeding in which this Court may enter a final judgment pursuant to 28 U.S.C. sections 157(b)(2)(E), (H) and (K). This proceeding arises under 11 U.S.C. sections 542(a), 547(b), 548(a), 549(a), 550 and 551.

4. This adversary proceeding is also related to the above Chapter 7 bankruptcy case, because it concerns property of the Chapter 7 bankruptcy estate pursuant to 11 U.S.C. section 541.

5. Venue is proper in this Court pursuant to 28 U.S.C. section 1409(a), as this adversary proceeding arises under Title 11 of the United States Code.

**PARTIES**

6. Defendant LORENA LILIANA MOLINA-LOPEZ is an individual who resides in California.

7. Defendant HUGO MOLINA is an individual who, on information and belief, has a residence in California and maintains a business in California.

**GENERAL ALLEGATIONS**

8. On January 19, 2018 ("Petition Date"), Debtor filed a voluntary Chapter 7 bankruptcy petition.

9. Plaintiff is the duly appointed, qualified, and acting Chapter 7 trustee of Debtor's bankruptcy estate ("Estate").

10. At all relevant times, Debtor was the sole owner of Ultimate Logistics Transport Corporation ("Ultimate Logistics").

11. Within one year of the Petition Date, creditors had obtained judgments against Debtor and Ultimate Logistics.

12. In or about 2011, Debtor and her then-husband, Hugo Molina acquired title to the real property located at 25724 Red Hawk Road, Corona, California 92883 ("Property") as joint tenants.

///

13. On or about July 17, 2017, Debtor sold the Property, resulting in net proceeds in the amount of $184,490.20 ("Net Proceeds"). Debtor deposited the Net Proceeds into a bank account in Hugo Molina's name. From July 2017 through April 2018, Debtor allegedly withdrew the Net Proceeds from Hugo Molina's account and then allegedly used them to pay her personal expenses and the expenses of Ultimate Logistics. All of these transfers of the Net Proceeds are collectively referred to as the "Transfers." The Transfers include, but are not limited, to alleged payments to her business accounts and business expenses ($67,200 or in excess of), alleged payments relating to debt belonging to her non-filing spouse ($28,000), and an alleged payments of residential monthly rental and move in costs ($10,800 or in excess of). As of the Petition Date, Debtor alleged she retained as little as $21,167.01 of the Net Proceeds.

14. At the time of the Transfers, Debtor was insolvent.

15. In her Schedule A-B and Statement of Financial Affairs, Debtor failed to disclose the Net Proceeds or the Transfers. At the Section 341(a) Meeting of Creditors, Debtor again failed to disclose the Net Proceeds or the Transfers.

16. On February 22, 2018, Plaintiff filed a Report of No Distribution. On or about March 30, 2018, however, a creditor notified Plaintiff about the sale of the Property and the Net Proceeds. After an investigation, Plaintiff withdrew his Report of No Distribution.

17. Plaintiff requested that the Debtor provide a full and complete accounting of the Net Proceeds. Debtor provided a summary accounting without sufficient supporting documentation.

18. On August 10, 2018, Debtor filed an Amended Statement of Financial Affairs.

19. On June 14, 2018, the United States Trustee commenced an adversary proceeding to deny Debtor's discharge pursuant to 11 U.S.C. sections 727(a)(2), (a)(4) and (a)(5). On September 10, 2018, the Court entered a judgment denying Debtor's discharge.

20. On October 12, 2018, Plaintiff filed a motion against Debtor for turnover of the Net Proceeds and a full and complete accounting of the Net Proceeds.

21. Debtor opposed the motion but admitted that she had deposited the Net Proceeds in Hugo Molina's account and used them to pay her personal expenses and the expenses of

Ultimate Logistics. On October 24, 2018, and November 19, 2018, Debtor provided further information and documents, but she failed to provide a full and complete accounting.

22. On December 7, 2018, the Court entered an order granting the Turnover Motion ("Turnover Order"). Among other things, the Court ordered the Debtor to provide a full and complete accounting.

23. Debtor has failed to comply with the terms of the Turnover Order by refusing to provide a full and complete accounting. Debtor turned over $21,167.01.

24. Plaintiff's counsel has requested that Hugo Molina turn over the Net Proceeds and/or a full and complete accounting of the same, but he has refused to do so.

**FIRST CAUSE OF ACTION**

**(for Turnover of Property of the Estate)**

**(11 U.S.C. §§ 542(a), 542(e))**

**(Against all Defendants)**

25. Plaintiff adopts, incorporates by reference, and realleges each of the allegations contained in paragraph 1 through 24 of this Complaint as if they were fully set forth herein.

26. 11 U.S.C. section 542(a) provides, in relevant part: "[A]n entity . . . in possession, custody, or control, during the case, of property that the trustee may use . . . under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

27. 11 U.S.C. section 542(e) provides: "Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee."

28. Defendants are in possession, custody, or control of the Net Proceeds and a full and complete accounting of the same.

29. Plaintiff may use the Net Proceeds to pay unsecured creditors of the Estate.

30. The Net Proceeds are not of inconsequential value or benefit to the Estate.

31. Therefore, pursuant to 11 U.S.C. sections 542(b) and 542(e), the Court should

order Defendants to deliver the Net Proceeds and a full and complete accounting of the Net Proceeds to Plaintiff.

## SECOND CAUSE OF ACTION

**(to Avoid Preferential Transfers)**

**(11 U.S.C. §§ 547(b), 550(a), 551))**

**(Against Defendant Hugo Molina)**

32. Plaintiff adopts, incorporates by reference, and realleges each of the allegations contained in paragraph 1 through 31 of this Complaint as if they were fully set forth herein.

33. 11 U.S.C. section 547(b) provides, in relevant part: "[T]he trustee may avoid any transfer of an interest of the debtor in property—(1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made—(A) on or within 90 days before the date of the filing of the petition; or (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and (5) that enables such creditor to receive more than such creditor would receive if—(A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title."

34. On information and belief, some or all of the Transfers were preferential within the meaning of 11 U.S.C. section 547(b).

35. Therefore, Plaintiff may avoid those Transfers pursuant to 11 U.S.C. section 547(b).

36. 11 U.S.C. section 550(a) provides, in relevant part: "Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 547 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made."

37. 11 U.S.C. section 551 provides, in relevant part: "Any transfer avoided under section . . . 547 . . . of this title . . . is preserved for the benefit of the estate but only with respect

Case 6:20-ap-01003-WJ    Doc 1    Filed 01/15/20    Entered 01/15/20 13:08:42    Desc
Main Document    Page 6 of 8

to property of the estate."

38. Because the Transfers may be avoided pursuant to 11 U.S.C. section 547(b), the avoided interest should be recovered and preserved for the benefit of the Estate pursuant to 11 U.S.C. sections 550(a)(1) and 551.

**THIRD CAUSE OF ACTION**

**(to Avoid Fraudulent Transfers)**

**(11 U.S.C. §§ 548(a), 550(a), 551))**

**(Against Defendant Hugo Molina)**

39. Plaintiff adopts, incorporates by reference, and realleges each of the allegations contained in paragraph 1 through 38 of this Complaint as if they were fully set forth herein.

40. 11 U.S.C. section 548(a) provides, in relevant part: "The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or (B) (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or (IV)  made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business."

41. On information and belief, some or all of the Transfers were actually and/or constructively fraudulent within the meaning of 11 U.S.C. section 548(a).

42. Therefore, Plaintiff may avoid those Transfers pursuant to 11 U.S.C. section 548(a).

6
ADVERSARY COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE ETC.

43. 11 U.S.C. section 550(a) provides, in relevant part: "Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 548 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made."

44. 11 U.S.C. section 551 provides, in relevant part: "Any transfer avoided under section . . . 548 . . . of this title . . . is preserved for the benefit of the estate but only with respect to property of the estate."

45. Because the Transfers may be avoided pursuant to 11 U.S.C. section 548(a), the avoided interest should be recovered and preserved for the benefit of the Estate pursuant to 11 U.S.C. sections 550(a)(1) and 551.

## FOURTH CAUSE OF ACTION

**(to Avoid Post-Petition Transfers)**

**(11 U.S.C. §§ 549(a), 550(a), 551))**

**(Against Defendant Hugo Molina)**

46. Plaintiff adopts, incorporates by reference, and realleges each of the allegations contained in paragraph 1 through 45 of this Complaint as if they were fully set forth herein.

47. 11 U.S.C. section 549(a) provides, in relevant part: "[T]he trustee may avoid a transfer of property of the estate—(1) that occurs after the commencement of the case; and (2) . . . (B) that is not authorized under this title or by the court."

48. On information and belief, some or all of the Transfers were post-petition transfers within the meaning of 11 U.S.C. section 549(a).

49. Therefore, Plaintiff may avoid those Transfers pursuant to 11 U.S.C. section 549(a).

50. 11 U.S.C. section 550(a) provides, in relevant part: "Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 549 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—(1) the initial transferee of such transfer or

the entity for whose benefit such transfer was made."

51.  11 U.S.C. section 551 provides, in relevant part: "Any transfer avoided under section . . . 549 . . . of this title . . . is preserved for the benefit of the estate but only with respect to property of the estate."

52.  Because the Transfers may be avoided pursuant to 11 U.S.C. section 549(a), the avoided interest should be recovered and preserved for the benefit of the Estate pursuant to 11 U.S.C. sections 550(a)(1) and 551.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.  As to the First Cause of Action for Turnover of Property of the Estate, for turnover of the Net Proceeds and a full and complete accounting of the Net Proceeds;

2.  As to the Second Cause of Action to Avoid Preferential Transfer, for avoidance of the Transfers pursuant to 11 U.S.C. section 547(b), and to recover and preserve the avoided interest for the benefit of the Estate pursuant to 11 U.S.C. sections 550(a)(1) and 551;

3.  As to the Third Cause of Action to Avoid Fraudulent Transfer, for avoidance of the Transfers pursuant to 11 U.S.C. section 548(a), and to recover and preserve the avoided interest for the benefit of the Estate pursuant to 11 U.S.C. sections 550(a)(1) and 551;

4.  As to the Fourth Cause of Action to Avoid Post-Petition Transfer, for avoidance of the Transfers pursuant to 11 U.S.C. section 549(a), and to recover and preserve the avoided interest for the benefit of the Estate pursuant to 11 U.S.C. sections 550(a)(1) and 551;

5.  For pre-judgment interest; and

6.  For such additional relief as the Court may deem just and proper.

Dated:  January 15, 2020

MALCOLM ♦ CISNEROS, a Law Corporation

By:  */s/ Christina J. Khil*
CHRISTINA J. KHIL
Attorney for A. Cisneros, Chapter 7 Trustee